UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 9:17-CV-80226-KAM


AFFORDABLE AERIAL PHOTOGRAPHY, INC.

                Plaintiff

vs.

R1C INC. d/b/a RE/MAX 1st CHOICE,
RITA S. BOESKY, KAREN A. RUTKOWSKI,
AND WAYNE SEARSON

                Defendants
_____/

**DEFENDANT R1C INC. D/B/A RE/MAX 1ST CHOICE AND KAREN A. RUTKOWSKI'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT and ALT ERNATIVE MOTION FOR MORE DEFINITE STATEMENT**

      Pursuant to SDLR 7.1 and FRCP 12(b)(6) and 12(e) Defendant R1C, Inc. d/b/a Re/Max 1st Choice and Defendant Karen Rutkowski by and through the undersigned counsel hereby moves this Court for an Order dismissing the Amended Complaint, and alternatively brings this Motion for Order requiring a more definite statement. In support the Defendants state:

**I.**    **INTRODUCTION**

      A copyright complaint by an experienced and litigious Plaintiff who routinely files copycat litigation within this District cannot be answered by the Defendant and should not be tolerated by the Court. This is another in a series of sue first investigate later copyright suits over real estate photography where the Plaintiff refuses to comply with simple and basic rules of pleading. It also matters that no presuit demand or articulation

of issues was provided the Defendants so it can be truly said the Defendant is left to guess what works are at issue.  Evidenced by other litigation in this District,  Plaintiff Afford Aerial Photography ("AAP")  has  copyright registrations for hundreds or thousands photographs of real estate, homes, estates,  condominiums or other developments in Palm Beach County.  The photographs included within the deposit material associated with each registration (per the exhibits) here number in excess of 200 but none of the <u>subject or accused</u> works allegedly at issue are attached as exhibits. There are over 200 separate photographs purportedly constituting the deposit material for the composite registrations for 2008, 2011, 2012 and 2013 collective photographs. Yet none of the claimed works or accused works are attached as exhibits, described by identification number, MLS listing or some intelligible manner of identification.

II.   **DEFECTS IN THE COMPLAINT**

The complaint sounds in several counts for copyright infringment of photographs but neither the subject copyrighted material nor the accused material are identified. *In the past* Plaintiff has clearly known that it is necessary to draft complaints with exhibits that make it possible for the pleader to see the photographs that Plaintiff contends belong to it.  See e.g., *Affordable Aerial Photography, Inc v Michael Nicklaus and Golden Bear Realty, LLC*, Case No. 9:13-CV-80254 (Dkt # 12);  *Affordable Aerial Photography Inc. v Farrell et al.*, Case No 9:14-CV-80605 (Dkt # 10); *Affordable Aerial Photography, Inc. v Illustrated Properties Real Estate, Inc, et. al.,* Case No 9:16-cv-81569 (Dkt #1). Virtually all of the prior cases in this District are the same. A real estate broker or developer has used a photograph in  advertising or an MLS listing which the

Plaintiff contends is copyrighted. Even after a direct written request was made by counsel to Plaintiff's counsel, Plaintiff's counsel failed to amend. So the Defendants are made to guess from the Complaint what listings are at issue and what listings include accused photographs. The are allegations of collections of photographs from 2008, 2010, 2011 and 2012. See Complaint, .¶¶ 24, 26, 28, 30, 31. All of the threshold allegations of copyrighted material are then reincorporated in each successive count. See ¶¶ 46, 59, 73, 86, 100. There is no value in reiterating Copyright Registration numbers without including the photographs in the deposit material. The Defendants cannot determine if the photographs are those the Defendants have taken themselves and protected as matters independently created, or whether some were obtained from third parties or elsewhere. At a minimum an Order compelling a more definite statement is needed. The fundamental requirement of Rule 8 is simple: the defendant must be afforded the plain and simple facts such that an intelligent response can be prepared. Perhaps other parties are the rightful Defendants. Perhaps some photographs were licensed or independently created. None of this can be determined. The Complaint fails to identify the subject and accused works.

### III.   STANDARD FOR DISMISSAL

A court may dismiss an action for failing to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). Rule 12(e) permits the Court to order Plaintiff provide a more definite statement. A court's review on a motion to dismiss is limited to the four corners of the complaint the Court need not consider legal conclusions, speculation or opinion. In deciding a Rule 12(b)(6) motion to dismiss, the Court must limit its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed. Taking judicial notice of prior litigation

3

involving plaintiff Affordable Aerial Photography in this District reveals that  the Plaintiff and its attorneys are experienced enough to understand that identification of the photographs is critical to pleading, defenses, insurance coverage,  and ultimately resolution of the case.

Although Fed. R. Civ. P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," a plaintiff is obligated to provide in the complaint "more than labels and conclusions, and a formulaic recitation of a cause of action's elements." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 545 (2007). "Threadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 55 U.S. 662, 678 (2009).  The pleading rules require the Plaintiff to provide sufficient detail such that the Defendant can be expected to formulate a reasoned response.

## IV.    MEMORANDUM OF LAW IN SUPPORT OF DISMISSAL

### A.  *No Photographs As Exhibits Renders Complaint Insufficient Under Rule 8 and 12(b)*

To survive a 12(b)(6) motion and to ultimately prevail on a claim of copyright infringement, a plaintiff allege and then must show that: (1) it owned a valid copyright, and (2) the defendant copied constituent elements of the work that are original. *Feist  v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).  Where the plaintiff does not have direct proof of copying, the plaintiff may show copying by demonstrating that the defendants had access to the copyrighted work and that the works are substantially similar. *Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218, 1223 (11th Cir. 2008).

Aerial photographs of  real estate visible to the public requires little originality and though the originality for copyright infringement is slight, Courts will recognize that

where the copyright is "exceedingly thin" very limited protection is afforded to the copyright owner and relief is typically denied absent clear allegations of verbatim copying. *Am. Family Life Ins. Co of Columbus v. Assurant, Inc., et al.,* 77 U.S.P.Q. 2d 1901 (N. D. Ga. 2006)(discussing copyright infringement of insurance policy language)

Were the photographs attached for review, similarity or the lack thereof can be decided on a motion to dismiss. *Sieger Suarez Architectural P'ship v Arquitectonica Int'l Corp,* 998 F. Supp. 2d 1340, 1349 (S. D. Fla 2014) and cases cited therein. As the Eleventh Circuit has recognized, even "modest dissimilarities" are significant particularly in the realm of commercial art and drawings where there are commonly occurring standard features. *See Howard v. Sterchi*, 974 F.2d 1272, 1276 (11th Cir. 1992) (finding no substantial similarity in the architectural design context "although the floor plans are visually similar and the layout is generally the same, the dissimilarities are significant, particularly the roof lines, the bay window and the dimensions").

A determination that no substantial similarity exists as a matter of law is appropriate if the court can conclude, after viewing the evidence and drawing inferences in a manner most favorable to the nonmoving party, that no reasonable juror could find substantial similarity of content, ideas and expression. *Singleton v Dean*, 2014 U.S. Dist. 179636 (N.D. Fla. 2014)(dismissal granted on the pleadings in infringement action despite absence of response by Defendant as Court had independent duty to consider validity of copyright before entering judgment); *Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131, 142 (5th Cir. 2004) citing *Peel & Co. v. The Rug Mkt.*, 238 F.3d 391, 395 (5th Cir. 2001).

Absent identification of the accused photographs the Defendants are unable to determine a) which MLS listing is implicated  and in turn b) which agent or broker posted the photographs, c) from where the photographs originated or if they were created by the Defendants themselves, d) when the infringement might have first commenced for purposes of identifying potentially implicated liability policies that have fixed coverage periods, and e) whether other infringers are at fault apart from the Defendants.

The 2012 photographs were registered on July 23, 2015. See Document # 1-1 attached to Complaint  purporting to contain 80 photos. The Selected 2013 Photos were registered on July 16, 2015 and the registration reflects 79 photos. Document # 1-2. The Selected 2011 Photos were registered on September 16, 2015 and the registration includes 87 photos. Document # 1-3. The Photostore Collection for 2008 was registered on August 2, 2013 and no specific number of photographs is identified. See Document #1-4 attached to Complaint

There are well over 200 photographs allegedly subject to registration based on the exhibits to the Complaint.  None of them are attached to the Complaint nor are any of the accused works identified by any specific MLS listing so it is not possible to identify the date that any infringment may have commenced and the party responsible for the MLS listing(s). We cannot determine whether the infringement accrued before the date of registration.  We cannot determine in the absence of any accused works whether and which of the several Defendants are allegedly responsible for  each of the wrongful publications of copyrighted material.

### B. Vicarious Liability is Not Properly Alleged

Vicarious copyright infringement exists when a defendant profits from direct infringement "while declining to exercise the right to stop or limit it." *Metro-Goldwyn Mayer Studios, Inc v. Grokster LLC,* 545 U.S. 913 at 914 (2005).   Unlike contributory infringement, knowledge is not required to show vicarious infringement and a plaintiff need only establish that a defendant directly benefitted from the third parties' infringement and had the ability to control the third parties' infringing conduct. *Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788, 802 (9th Cir. 2007). The Supreme Court has also indicated that the ability-to-control test requires that a defendant decline to exercise its right to stop or limit the third party's infringing activity. *Grokster LLC,* 545 U.S. at 930 (2005). Thus, to state a claim of vicarious copyright infringement, Plaintiff must allege that: (1) a third party infringed its copyrights in the photographs; (2) the vicarious liable party  had the ability to control or supervise the third party's infringing activities; (3) the vicarious Defendant failed to exercise its right to stop the third party's infringement; and (4) the Defendant had a direct financial interest in the infringing activity. *Perfect 10,*  494 F.3d at 802.  Plaintiffs allegations in Count V fail because it is impossible to determine what accused works the Defendant was duty bound to control and again all four compilations of photographs in four separate copyright registrations are implicated. See ¶ 102-103. It is impossible to determine what works are infringing, for what period of time and what infringing activity ReMax First Choice  had the right and ability to control. Mere transmission of photographs is not enough to state a claim

for contributory infringement. *Viesti Assocs v Pearson Educ., Inc.,*  2013 U.S. Dist. LEXIS 113323 at *19; 2013 WL 4052024, ___ (D. Col. 2013).

The Plaintiff's complaint fails to allege all of the facts necessary to support vicarious liability and contains nothing more than legal conclusions. The absence of subject and accused photographs precludes ReMax First Choice from determining the actions, actors and works for which it may be held liable, if any.

### C. No Basis for Statutory Damages and Attorney's Fees

 Section 412 of the Copyright Act bars statutory damages or attorney's fees under Sections 504 and 505 when "(1) any infringement of copyright in an unpublished work commenced before the effective date of its registration; or (2) any infringement of copyright commenced after first publication of the work and before  the effective date of its registration, unless such registration is made within three months after the first publication of the work." 17 U.S.C. § 412. In  copyright infringement actions Section 412(2) mandates that, in order to recover statutory damages, the copyrighted work must have been registered prior to commencement of the infringement, unless the registration is made within three months after first publication of the work." *Derek Andrew,Inc. v. Poof Apparel Corp., 528 F.3d 696, 699 (9th Cir. 2008)*. Although Sections 504 and 505 allow for attorney's fees and statutory damages in infringement actions,  those remedies are plainly limited by the language of Section 412. As such, the Court must analyze Plaintiff's complaint based on the language of Section 412.  Section 412 requires the identification of three events--the date of registration, the date of first publication, and the date infringement commenced. *Zito v. Steeplechase Films, Inc.,*

*267 F. Supp. 2d 1022, 1026 (N.D. Cal. 2003)* (dismissing Plaintiff's claims for statutory damages and attorney's fees because the copyrighted photograph was unpublished and unregistered when the infringement occurred).

If a plaintiff requests attorney's fees and statutory damages in the complaint, courts routinely decide whether such remedies are available under the Copyright Act on a 12(b)(6) motion. *See  Martin v Walt Disney Internet Group,* 2010 U.S. Dist. LEXIS 65036 at *8 , 96 U.S. P.Q.2d 1389 **  (S.D. Cal. 2010) citing  *Inst. for the Dev. of Earth Awareness v. People for the Ethical Treatment of Animals,* 2009 U.S. Dist. LEXIS 96951, at *10 (S.D.N.Y. 2009); *Google, Inc. v. Affinity Engines, Inc.,* 2005 U.S. Dist. LEXIS 37369, at *17 (N.D. Cal. 2005).

We have no photographs identified so it will be impossible to determine first publication.   A party should not have to resort to discovery to be apprised of the essential facts being asserted or left to guess which of the dozens of registered photographs within the compiled works are allegedly infringed and whether the infringement commenced before the registration.    A factually bereft and confusing complaint should not be tolerated by experienced Plaintiffs in copycat litigation routinely filed within this District.

**V.**    **Conclusion**

The purposes of the Copyright Act are subverted when parties are left unprotected from the overzealous prosecution of exceedingly thin copyright claims or potentially frivolous claims based on claimed works but which in fact are independently created.  Absent proper pleading standards at the outset of the case, the mundane use

of unidentified and commonplace photographs may result in coercive attempts to assert copyright claims against unsophisticated lay persons who may lack the ability to know their use  of ordinary self-made photographs or those created by others lies in the public domain.  A poorly drafted complaints in the absence of prior notice and an opportunity to cure should not be tolerated. It is impossible to determine what photographs are accused, when the date of infringement occurred and the factual grounds necessary to sustain  statutory damages, attorney's fees and contributory infringement are lacking. Dismissal or an Order compelling a more definite statement is necessary as the Defendant cannot meaningfully respond in the absence of essential facts.

WHEREFORE, in light of the foregoing authorities Defendants R1C d/b/a ReMax First Choice  and Karen Rutkowski seek dismissal of the Complaint, repleader or such other relief this Court deems just.

Respectfully submitted,

s/ David W. Henry
DAVID W. HENRY, ESQUIRE
Florida Bar No.: 765082
MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN
315 E. Robinson Street, Suite 550
Orlando, FL 32801
Telephone:   (407) 420-4380
Facsimile:    (407) 839-3008
E-mail: dwhenry@mdwcg.com
Attorney for Defendant R1C, Inc. and
Rutkowski


   /s/ Jonathan A. Berkowitz
JONATHAN A. BERKOWITZ, ESQUIRE
Florida Bar No.  0038946
COHEN, NORRIS, WOLMER,

RAY, TELEPMAN & COHEN
Attorneys for Defendant, Karen Rutkowski
712 U.S. Highway One, Suite 400
P.O. Box 13146
North Palm Beach, FL 33408-7146
(561) 844-3600; (561) 842-4104 (fax)
Email:  jab@fcohenlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 20, 2017, I electronically filed the foregoing

with the Clerk of the Courts by using E-Portal, which will send a notice of electronic filing

to the following: **Lori Lomnitzer, Esquire**, The Lomnitzer Law Firm, P.A., 7999 N.

Federal Highway, Suite 200, Boca Raton, FL 33487, Lorri@Lomnitzerlaw.com.


s/ David W. Henry

DAVID W. HENRY, ESQUIRE
Florida Bar No.: 765082
MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN
315 E. Robinson Street, Suite 550
Orlando, FL 32801
Telephone:   (407) 420-4380
Facsimile:    (407) 839-3008
E-mail: dwhenry@mdwcg.com
        jataylor@mdwcg.com
Attorney for Defendant R1C, Inc.


/s/ Jonathan A. Berkowitz
JONATHAN A. BERKOWITZ, ESQUIRE
Florida Bar No.  0038946
COHEN, NORRIS, WOLMER,
RAY, TELEPMAN & COHEN
Attorneys for Defendant, Karen Rutkowski
712 U.S. Highway One, Suite 400
P.O. Box 13146

11

North Palm Beach, FL 33408-7146
(561) 844-3600; (561) 842-4104 (fax)
Email:  jab@fcohenlaw.com