## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## WEST PALM BEACH DIVISION

CASE NO.: 17-cv-80226-KAM

AFFORDABLE AERIAL PHOTOGRAPHY, INC.,

      Plaintiff,

vs.

R1C INC. d/b/a RE/MAX 1ST CHOICE, RITA S. BOESKY,
KAREN A. RUTKOWSKI, and WAYNE SEARSON

      Defendants.

_____/

## AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT
### (INJUNCTIVE RELIEF DEMANDED)

Plaintiff, AFFORDABLE AERIAL PHOTOGRAPHY, INC., ("Plaintiff" or "AAP"), by and through undersigned counsel, hereby files its Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(1)(B) against Defendants, R1C INC. d/b/a RE/MAX 1st CHOICE ("R1C"), a Florida Corporation, RITA A. BOESKY ("Boesky"), KAREN A. RUTKOWSKI ("Rutkowski") and WAYNE SEARSON ("Searson") (collectively, the "Defendants"). In support thereof, Plaintiff states as follows:

### NATURE OF THE ACTION

1.    Plaintiff brings this action against Defendants for Copyright Infringement and Alteration of Copyright Management Information.

### THE PARTIES

2.    Plaintiff is a Florida corporation headquartered in Palm Beach County, Florida.

3. Defendant R1C is a Florida-licensed real estate corporation (Lic. No. CQ1041941) headquartered in Palm Beach County, Florida.

4. Defendant Boesky is a Florida-licensed real estate sales associate (Lic. No. 3198877) who, upon information and belief, resides in Palm Beach County, Florida. Boesky is employed by R1C.

5. Defendant Rutkowski is a Florida-licensed real estate sales associate (Lic. No. 3045326), who, upon information and belief, resides in Palm Beach County, Florida. Rutkowski's license is currently inactive; however, upon information and belief, she was previously employed by R1C.

6. Defendant Searson is a Florida-licensed real estate sales associate (Lic. No. 3238109) who, upon information and belief, resides in Palm Beach County, Florida. Searson is employed by R1C.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over the subject matter of this suit because it arises under federal law, namely, the Copyright Act of 1976 (Title 17 of the United States Code), 28 U.S.C. § 1331 (federal question), and 28 U.S.C. § 1338 (designs, copyrights, trademarks and unfair competition).

8. Venue is proper in Palm Beach County, Florida, pursuant to 28 U.S.C. § 1391, 28 U.S.C. § 1400, and Florida Statute § 47.011. Defendant NCP is located and headquartered in Palm Beach County, and the individual Defendants reside in Palm Beach County.

9. In addition, Defendants conduct regular, ongoing business within this District.

## BACKGROUND FACTS

10.     Plaintiff Affordable Aerial Photography, Inc. was formed in 2005 by Robert Stevens ("Stevens").

11.     AAP specializes in photographing real estate. The company has photographed some of the world's most expensive properties.

12.     AAP has been hired by celebrities including Celine Dion, Bill Gates, Billy Joel, Tommy Lee Jones, Don King, Greg Norman, Athina Onassis, Mehmet Oz, President Donald Trump, James Patterson, Lilly Pulitzer, Rod Stewart, and others.

13.     Stevens and AAP are well known for their aerial photographs, which are taken from above the ground.

14.     AAP captured many such shots even before the use of drones became widespread. This was accomplished via the use of a tethered helium balloon camera-rigging system which was designed and built by Stevens.

15.     This system allows AAP to capture shots that, until the advent of drones, would have been impossible to shoot otherwise.

16.     This unique system had the added benefit of serving as a marketing tool for AAP, and it led to Stevens becoming known locally as "Balloon Bob."

17.     AAP retains the copyright for photographs it takes, and registers them with the United States Copyright Office. Photos taken by Stevens, including any at issue in the instant matter, are also registered to and owned by AAP, either as works made for hire, or by written assignment from Stevens to AAP.

18.     Stevens and/or AAP sells licenses to third parties that wish to copy, distribute, and/or display the photos.

19.     As the employer for all of the individual Defendants, R1C is responsible for the torts committed by them.

20.     Even if the individual Defendants are treated as independent contractors, R1C is still effectively their employer.

21.     In accordance with § 475.42(1)(b), Florida Statutes, a licensed real estate associate may not operate as a sales associate for any person not registered as his or her employer.

22.     In accordance with § 475.01(2), Florida Statutes, the terms "employ," "employment," "employer," and "employee" include an independent contractor relationship when such relationship is intended and established between a broker and sales associate. Such a relationship does not relieve a broker of its duties or responsibilities.

23.     Thus, R1C is liable for the individual Defendants' acts.

## DEFENDANTS' INFRINGEMENTS

24.     On July 23, 2015, AAP registered a group of photos titled Group Registration Photos, Selected 2012 Photographs ("2012 Photographs"). See U.S. Copyright Reg. No. VA 1-967-114 along with the subject photograph attached hereto as Composite Exhibit A.

25.     The 2012 Photographs registration includes an aerial shot titled "Parasailing PB County 2012" ("Parasailing"). *See id.*

26.     Also on July 23, 2015, AAP registered a different group of photos titled Group Registration Photos, Selected 2010 Photographs (the "Selected 2010 Photographs"). See U.S. Copyright Reg. No. VA 1-967-718 along with the subject photograph attached hereto as Composite Exhibit B.

27.     The Selected 2010 Photographs registration includes a shot titled "Dune Towers Pool 1 AAP 2013" ("Dune Towers Pool") "Dune Towers lobby AAP " ("Dune Towers Lobby"), and one titled "Dune Towers beach AAP 2013" ("Dune Towers Beach"). *See id.*

28.     On August 9, 2013, Robert Stevens registered a group of photos titled "Catalog of July 2013 Pictures" (the "2013 Photographs"). See U.S. Copyright Reg. No. VA 1-947-093 along with the subject photograph attached herein as Composite Exhibit C.

29.     The 2013 Photographs registration includes an aerial shot of the Dune Towers, a picture of the Dune Towers community signage, a picture of the Dune Towers exercise room, and a picture of the Dune Towers dining area ("Dune Towers Collection"). *See id.*

30.     On July 15, 2015, AAP registered a group of photos titled "Group Registration Photos, Selected 2010 Photographs . . ." (the "2010 Photographs"). See U.S. Copyright Reg. No. VA 1-966-132 along with the subject photograph attached herein as Composite Exhibit D.

31.     The 2010 Photographs registration includes an aerial shot of the Dune Towers at a high altitude (the "2010 Dune Towers Aerial"). *See id.*

32.     Previously, on August 2, 2013, Stevens had registered a group of photos titled Photostore Collection 2008. See U.S. Copyright Reg. No. VA 1-881-439 along with the subject photograph attached hereto as Composite Exhibit E. The registration, along with all rights therein, has since then been assigned to AAP.

33.     The Photostore Collection 2008 includes an aerial shot of Singer Island,Florida ("Singer Island"). *See id.*

34.     On or around April 8, 2016, AAP discovered that Dune Towers was posted by R1C on a real estate multiple listing service ("MLS"). MLS services are websites on which real

estate professionals can post, and the public can view, information about properties that are available for sale or rent.

35.     The listing agent for the property to which the photo was attached is Defendant Boesky.

36.     Also on or around April 8, 2016, AAP discovered MLS listing containing the photographs Parasailing, Dune Towers Pool, Dune Towers Lobby, and the Dune Towers Collection, that were posted by R1C. The MLS numbers for these listings include but are not limited to RX-10198834, RX-10086922, RX-10289130, RX-10175068, and RX-10307003.

37.     Defendants Boesky and Rutkowski are the agents named on the MLS listings containing said photos. Boesky appears as the sole agent on MLS listing RX-10289130 and Rutkowski appears as the sole agent on MLS listing RX-10198834 and RX-1008622. For the remaining MLS numbers Boesky and Rutkowski appear as agents together.

38.     When approached by AAP about Boesky's and Rutkowski's unlicensed use of AAP's photos, Rutkowski denied wrongdoing.

39.     As a result, AAP contacted the Realtors Association of the Palm Beaches ("RAPB"). RAPB promptly removed the majority of AAP's photos from the MLS listings. An exception was Dune Towers Lobby, which remained on the MLS for two to three more weeks.

40.     On or around April 11, 2016, AAP discovered that at least Singer Island was posted by R1C on an MLS number RX-10225274.

41.     The real estate agent associated with the MLS listing which displays Singer Island is Defendant Searson. Searson also posted Singer Island to at least one other real estate marketplace website, Zillow.com, promoting the sale of the subject property.

42.     Defendants' infringement of Singer Island occurred a mere three days after AAP had discovered R1C's infringement of several other photos and requested that R1C cease and desist from said infringement.

43.     Singer Island currently remains posted on the MLS listing page and on Zillow.com.

44.     Further, by December 11, 2016, Defendant Boesky had again posted Dune Towers Pool to at least one MLS page promoting the subject property. Dune Towers Pool remained posted on the relevant MLS listing for seven (7) weeks.

45.     Though Dune Towers Pool was removed for a short period, it was again posted on an MLS by Defendant Boesky on February 10, 2017, where it remains visible today.

46.     Defendants' actions are a direct affront to AAP and its rights in its intellectual property.

47.     All conditions precedent to bringing this action, if any, have occurred or have been performed, waived and/or excused.

### SPECIFIC COUNTS SEEKING AFFIRMATIVE RELIEF
### COUNT I – DIRECT COPYRIGHT INFRINGEMENT
**(U.S. Copyright Reg. No. VA 1-967-114)**
**(Against R1C, Boesky and Rutkowski)**

48.     AAP adopts and incorporates all previous allegations as if fully set forth herein.

49.     AAP owns a valid copyright registration for the 2012 Photographs, U.S. Copyright Reg. No. VA 1-967-114.

50.     Two or more of the photos from the 2012 Photographs have been impermissibly copied, displayed, and distributed by Defendants on, at least, an MLS listing where Defendants Boesky and Rutkowski are the named real estate agents.

**THE LOMNITZER LAW FIRM, P.A.**
7999 N. Federal Hwy, Suite 200, Boca Raton, FL 33487 ● Telephone (561)953-9300● Fax (561)953-3455

51.     AAP has the exclusive right to, among other things, reproduce, distribute, publicly display, and authorize such reproduction, distribution, and display of the photos.

52.     Defendants have copied, distributed, and/or displayed the photos for their own commercial use, in violation of 17 U.S.C. § 106 et seq.

53.     In violating 17 U.S.C. § 106 et seq., Defendants are infringing on AAP's copyright in accordance with 17 U.S.C. § 501.

54.     Each infringement of AAP's work by Defendants constitutes a separate and distinct act of infringement.

55.     Defendants' infringement is egregious, as Defendants denied any wrongdoing after being confronted by Plaintiff and were unwilling to remove the infringing photos.

56.     Defendants' infringement of AAP's work is willful, in disregard of, and with indifference to the rights of AAP.

57.     The infringement has caused AAP to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.

58.     As a direct and proximate result of Defendants' acts of copyright infringement, AAP is entitled to damages in amounts to be determined at trial.

59.     AAP is also entitled to recover its attorneys' fees and full costs pursuant to 17 U.S.C. §505.

60.     In addition, AAP is entitled to preliminary and permanent injunctive relief.

**WHEREFORE,** Plaintiff prays that:

a. Defendants, their agents, servants, employees, franchisees, licensees, attorneys and all others in active concert or participation with Defendants, be enjoined and

restrained during the pendency of this action via a preliminary injunction and permanently thereafter from:

       i. Using, distributing, or otherwise exploiting AAP's copyrights and copyrighted works;

       ii. Using, disclosing, converting, appropriating, retaining, selling, transferring or copying any property of AAP; and

       iii. Doing any other act or thing likely to, or calculated to, induce the belief that Defendants created the 2012 Photographs or that Defendants' use thereof is in any way endorsed by AAP;

b. Within ten (10) days after the entry of an order for either preliminary or permanent injunction, Defendants be required to turn over any 2012 Photographs bearing any copyrights;

c. Defendants, their agents, servants, employees, franchisees, licensees, attorneys and all others in active concert or participation with Defendants be required to deliver up for destruction all physical products in their possession bearing AAP's copyrights or any colorable imitation thereof;

d. AAP recover Defendants' profits as well as the damages sustained by AAP due to Defendants' infringement of AAP's copyright, such amount of profits and damages to be trebled;

e. Defendants be required in accordance with 15 U.S.C § 1116 to file with the Court and serve upon AAP a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the terms of the injunction;

f. This Court award AAP such damages, including compensatory and punitive damages, as are appropriate in view of Defendants' conduct, including its willfulness;

g. Defendants be required to pay AAP the costs of this action, together with reasonable attorney's fees and disbursements;

h. AAP be awarded statutory damages, pursuant to the Copyright Act; and

i. AAP will receive such other and further relief as this Court deems just, fair, and equitable.

## COUNT II – DIRECT COPYRIGHT INFRINGEMENT
### (U.S. Copyright Reg. No. VA 1-967-718)
### (Against R1C, Boesky and Rutkowski)

61.     AAP adopts and incorporates the allegations of paragraphs 1-47 as if fully set forth herein.

62.     AAP owns a valid copyright registration for the Selected 2010 Photographs, U.S. Copyright Reg. No. VA 1-967-718.

63.     One or more of the photos from Selected 2010 Photographs have been impermissibly copied, displayed, and distributed by Defendants on, at least, an MLS listing where Defendants Boesky and Rutkowski are the named real estate agents.

64.     Further, one or more of the photos from Selected 2010 Photographs was later posted again by Boesky on an MLS.

65.     AAP has the exclusive right to, among other things, reproduce, distribute, publicly display, and authorize such reproduction, distribution, and display of the photos.

66.     Defendants have copied, distributed, and/or displayed the photos for their own commercial use, in violation of 17 U.S.C. § 106 et seq.

67.     In violating 17 U.S.C. § 106 et seq., Defendants are infringing on AAP's copyright in accordance with 17 U.S.C. § 501.

68.     Each infringement of AAP's work by Defendants constitutes a separate and distinct act of infringement.

69.     Defendants' infringement is egregious, as they denied any wrongdoing after being confronted by Plaintiff. Further, Defendants again posted a photo from this collection even Plaintiff requested its removal, and even after the photo was removed by RAPB from its MLS.

70.     Defendants' infringement of AAP's work is willful, in disregard of, and with indifference to the rights of AAP.

71.     The infringement has caused AAP to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.

72.     As a direct and proximate result of Defendants' acts of copyright infringement, AAP is entitled to damages in amounts to be determined at trial.

73.     AAP is also entitled to recover its attorneys' fees and full costs pursuant to 17 U.S.C. §505.

74.     In addition, AAP is entitled to preliminary and permanent injunctive relief.

**WHEREFORE,** Plaintiff prays that:

a. Defendants, their agents, servants, employees, franchisees, licensees, attorneys and all others in active concert or participation with Defendants, be enjoined and restrained during the pendency of this action via a preliminary injunction and permanently thereafter from:

i. Using, distributing, or otherwise exploiting AAP's copyrights and copyrighted works;

ii. Using, disclosing, converting, appropriating, retaining, selling, transferring or copying any property of AAP; and

iii. Doing any other act or thing likely to, or calculated to, induce the belief that Defendants created the Selected 2010 Photographs or that Defendants' use thereof is in any way endorsed by AAP;

b. Within ten (10) days after the entry of an order for either preliminary or permanent injunction, Defendants be required to turn over any Selected 2010 Photographs bearing any copyrights;

c. Defendants, their agents, servants, employees, franchisees, licensees, attorneys and all others in active concert or participation with Defendants be required to deliver up for destruction all physical products in their possession bearing AAP's copyrights or any colorable imitation thereof;

d. AAP recover Defendants' profits as well as the damages sustained by AAP due to Defendants' infringement of AAP's copyright, such amount of profits and damages to be trebled;

e. Defendants be required in accordance with 15 U.S.C § 1116 to file with the Court and serve upon AAP a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the terms of the injunction;

f. This Court award AAP such damages, including compensatory and punitive damages, as are appropriate in view of Defendants' conduct, including its willfulness;

g. Defendants be required to pay AAP the costs of this action, together with reasonable attorney's fees and disbursements;

h. AAP be awarded statutory damages, pursuant to the Copyright Act; and

i. AAP will receive such other and further relief as this Court deems just, fair, and equitable.

## COUNT III – DIRECT COPYRIGHT INFRINGEMENT
### (U.S. Copyright Reg. No. VA 1-947-093)
### (Against R1C, Boesky and Rutkowski)

75. AAP adopts and incorporates the allegations of paragraphs 1-47 as if fully set forth herein.

76. AAP owns a valid copyright registration for the 2013 Photographs, U.S. Copyright Reg. No. VA 1-947-093.

77. One or more of the photos from the 2013 Photographs has been impermissibly copied, displayed, and distributed by Defendants on, at least, an MLS listing where Defendant Boesky and Rutkowski are the named real estate agents.

78. AAP has the exclusive right to, among other things, reproduce, distribute, publicly display, and authorize such reproduction, distribution, and display of the photos.

79. Defendants have copied, distributed, and/or displayed the photos for their own commercial use, in violation of 17 U.S.C. § 106 et seq.

80. In violating 17 U.S.C. § 106 et seq., Defendants are infringing on AAP's copyright in accordance with 17 U.S.C. § 501.

81. Each infringement of AAP's work by Defendants constitutes a separate and distinct act of infringement.

82. Defendants' infringement is egregious. Defendants refused to remove AAP's photos even upon request, instead denying any wrongdoing.

83. Defendants' infringement of AAP's work is willful, in disregard of, and with indifference to the rights of AAP.

**THE LOMNITZER LAW FIRM, P.A.**
7999 N. Federal Hwy, Suite 200, Boca Raton, FL 33487 ● Telephone (561)953-9300● Fax (561)953-3455

84.     The infringement has caused AAP to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.

85.     As a direct and proximate result of Defendants' acts of copyright infringement, AAP is entitled to damages in amounts to be determined at trial.

86.     AAP is also entitled to recover its attorneys' fees and full costs pursuant to 17 U.S.C. §505.

87.     In addition, AAP is entitled to preliminary and permanent injunctive relief.

**WHEREFORE,** Plaintiff prays that:

a. Defendants, their agents, servants, employees, franchisees, licensees, attorneys and all others in active concert or participation with Defendants, be enjoined and restrained during the pendency of this action via a preliminary injunction and permanently thereafter from:

i. Using, distributing, or otherwise exploiting AAP's copyrights and copyrighted works;

ii. Using, disclosing, converting, appropriating, retaining, selling, transferring or copying any property of AAP; and

iii. Doing any other act or thing likely to, or calculated to, induce the belief that Defendants created the 2013 Photographs or that Defendants' use thereof is in any way endorsed by AAP;

b. Within ten (10) days after the entry of an order for either preliminary or permanent injunction, Defendants be required to turn over any 2013 Photographs bearing any copyrights;

c. Defendants, their agents, servants, employees, franchisees, licensees, attorneys and all others in active concert or participation with Defendants be required to deliver up for destruction all physical products in their possession bearing AAP's copyrights or any colorable imitation thereof;

d. AAP recover Defendants' profits as well as the damages sustained by AAP due to Defendants' infringement of AAP's copyright, such amount of profits and damages to be trebled;

e. Defendants be required in accordance with 15 U.S.C § 1116 to file with the Court and serve upon AAP a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the terms of the injunction;

f. This Court award AAP such damages, including compensatory and punitive damages, as are appropriate in view of Defendants' conduct, including its willfulness;

g. Defendants be required to pay AAP the costs of this action, together with reasonable attorney's fees and disbursements;

h. AAP be awarded statutory damages, pursuant to the Copyright Act; and

i. AAP will receive such other and further relief as this Court deems just, fair, and equitable.

<u>**COUNT IV – DIRECT COPYRIGHT INFRINGEMENT**</u>
**(U.S. Copyright Reg. No. VA 1-966-132)**
**(Against R1C and Rutkowski)**

1.   AAP adopts and incorporates the allegations of paragraphs 1-47 as if fully set forth herein.

2.   AAP owns a valid copyright registration for the 2010 Photographs, U.S. Copyright Reg. No. VA 1-966-132.

3.      One or more of the photos from the 2010 Photographs has been impermissibly copied, displayed, and distributed by Defendants on, at least, an MLS listing where Defendant Rutkowski is the named real estate agent.

4.      AAP has the exclusive right to, among other things, reproduce, distribute, publicly display, and authorize such reproduction, distribution, and display of the photos.

5.      Defendants have copied, distributed, and/or displayed the photos for their own commercial use, in violation of 17 U.S.C. § 106 et seq.

6.      In violating 17 U.S.C. § 106 et seq., Defendants are infringing on AAP's copyright in accordance with 17 U.S.C. § 501.

7.      Each infringement of AAP's work by Defendants constitutes a separate and distinct act of infringement.

8.      Defendants' infringement is egregious. Defendants refused to remove AAP's photos even upon request, instead denying any wrongdoing.

9.      Defendants' infringement of AAP's work is willful, in disregard of, and with indifference to the rights of AAP.

10.     The infringement has caused AAP to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.

11.     As a direct and proximate result of Defendants' acts of copyright infringement, AAP is entitled to damages in amounts to be determined at trial.

12.     AAP is also entitled to recover its attorneys' fees and full costs pursuant to 17 U.S.C. §505.

13.     In addition, AAP is entitled to preliminary and permanent injunctive relief.

**WHEREFORE,** Plaintiff prays that:

a. Defendants, their agents, servants, employees, franchisees, licensees, attorneys and all others in active concert or participation with Defendants, be enjoined and restrained during the pendency of this action via a preliminary injunction and permanently thereafter from:

i. Using, distributing, or otherwise exploiting AAP's copyrights and copyrighted works;

ii. Using, disclosing, converting, appropriating, retaining, selling, transferring or copying any property of AAP; and

iii. Doing any other act or thing likely to, or calculated to, induce the belief that Defendants created the 2011 Photographs or that Defendants' use thereof is in any way endorsed by AAP;

b. Within ten (10) days after the entry of an order for either preliminary or permanent injunction, Defendants be required to turn over any 2010 Photographs bearing any copyrights;

c. Defendants, their agents, servants, employees, franchisees, licensees, attorneys and all others in active concert or participation with Defendants be required to deliver up for destruction all physical products in their possession bearing AAP's copyrights or any colorable imitation thereof;

d. AAP recover Defendants' profits as well as the damages sustained by AAP due to Defendants' infringement of AAP's copyright, such amount of profits and damages to be trebled;

e. Defendants be required in accordance with 15 U.S.C § 1116 to file with the Court and serve upon AAP a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the terms of the injunction;

f. This Court award AAP such damages, including compensatory and punitive damages, as are appropriate in view of Defendants' conduct, including its willfulness;

g. Defendants be required to pay AAP the costs of this action, together with reasonable attorney's fees and disbursements;

h. AAP be awarded statutory damages, pursuant to the Copyright Act; and

i. AAP will receive such other and further relief as this Court deems just, fair, and equitable.

<u>**COUNT V – DIRECT COPYRIGHT INFRINGEMENT**</u>
**(U.S. Copyright Reg. No. VA 1-881-439)**
**(Against R1C and Searson)**

14.     AAP adopts and incorporates the allegations of paragraphs 1-47 as if fully set forth herein.

15.     AAP owns a valid copyright registration for the Photostore Collection 2008, U.S. Copyright Reg. No. VA 1-881-439.

16.     One or more of the photos from the Photostore Collection 2008 has been impermissibly copied, displayed, and distributed by Defendants on, at least, an MLS listing and a Zillow.com post where Defendant Searson is the named real estate agent.

17.     AAP has the exclusive right to, among other things, reproduce, distribute, publicly display, and authorize such reproduction, distribution, and display, of the Photostore Collection 2008 Photos.

18.     Defendants have copied, distributed, and/or displayed the Photostore Collection 2008 Photos for their own commercial use, in violation of 17 U.S.C. § 106 et seq.

19.     In violating 17 U.S.C. § 106 et seq., Defendants are infringing on AAP's copyright in accordance with 17 U.S.C. § 501.

20.     Defendants' infringement of the Photostore Collection 2008 photos is ongoing and continues to occur, as one of AAP's images is still visible on an MLS and on Zillow.com as posted by Searson.

21.     Each infringement of AAP's work by Defendants constitutes a separate and distinct act of infringement.

22.     Defendants' infringement is egregious, as it occurred after Plaintiff had already request Defendant cease and desist from infringing Plaintiff's photos.

23.     Defendants' infringement of AAP's work is willful, in disregard of, and with indifference to the rights of AAP.

24.     The infringement has caused AAP to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.

25.     As a direct and proximate result of Defendants' acts of copyright infringement, AAP is entitled to damages in amounts to be determined at trial.

26.     AAP is also entitled to recover its attorneys' fees and full costs pursuant to 17 U.S.C. §505.

27.     In addition, AAP is entitled to preliminary and permanent injunctive relief.

**WHEREFORE,** Plaintiff prays that:

a. Defendants, their agents, servants, employees, franchisees, licensees, attorneys and all others in active concert or participation with Defendants, be enjoined and

restrained during the pendency of this action via a preliminary injunction and permanently thereafter from:

i. Using, distributing, or otherwise exploiting AAP's copyrights and copyrighted works;

ii. Using, disclosing, converting, appropriating, retaining, selling, transferring or copying any property of AAP; and

iii. Doing any other act or thing likely to, or calculated to, induce the belief that Defendants created the Photostore Collection 2008 or that Defendants' use thereof is in any way endorsed by AAP;

b. Within ten (10) days after the entry of an order for either preliminary or permanent injunction, Defendants be required to turn over any Photostore Collection 2008 bearing any copyrights;

c. Defendants, their agents, servants, employees, franchisees, licensees, attorneys and all others in active concert or participation with Defendants be required to deliver up for destruction all physical products in their possession bearing AAP's copyrights or any colorable imitation thereof;

d. AAP recover Defendants' profits as well as the damages sustained by AAP due to Defendants' infringement of AAP's copyright, such amount of profits and damages to be trebled;

e. Defendants be required in accordance with 15 U.S.C § 1116 to file with the Court and serve upon AAP a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the terms of the injunction;

f. This Court award AAP such damages, including compensatory and punitive damages, as are appropriate in view of Defendants' conduct, including its willfulness;

g. Defendants be required to pay AAP the costs of this action, together with reasonable attorney's fees and disbursements;

h. AAP be awarded statutory damages, pursuant to the Copyright Act; and

i. AAP will receive such other and further relief as this Court deems just, fair, and equitable.

## COUNT VI – VICARIOUS COPYRIGHT INFRINGEMENT
### (Against R1C)

28.     AAP adopts and incorporates the allegations of paragraphs 1-47 as if fully set forth herein.

29.     In the alternative to R1C being directly liable as alleged in each previous count herein, AAP hereby alleges that R2C is vicariously liable for the infringements of the individual Defendants.

30.     All four of AAP's copyright registrations at issue in this case are valid.

31.     The individual Defendants have copied, distributed, and/or displayed the photos at issue for their own commercial use, in violation of 17 U.S.C. § 106 et seq.

32.     In violating 17 U.S.C. § 106 et seq., Defendants are directly infringing on AAP's copyright in accordance with 17 U.S.C. § 501.

33.     As an employer, R1C has the right and ability to control the actions of its employees—in this case, the individual Defendants.

34.     R1C has declined to exercise its right to stop the individual Defendants' infringement and has indeed profited from that direct infringement of AAP's copyrights.

35.     R1C's infringement of AAP's work is in disregard of and with indifference to the rights of AAP.

**THE LOMNITZER LAW FIRM, P.A.**
7999 N. Federal Hwy, Suite 200, Boca Raton, FL 33487 ● Telephone (561)953-9300● Fax (561)953-3455

36.     The infringements have caused AAP to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.

37.     As a direct and proximate result of R1C's acts of copyright infringement, AAP is entitled to damages in amounts to be determined at trial.

38.     AAP is also entitled to recover its attorneys' fees and full costs pursuant to 17 U.S.C. §505.

39.     In addition, AAP is entitled to preliminary and permanent injunctive relief.

**WHEREFORE,** Plaintiff prays that:

a. Defendants, their agents, servants, employees, franchisees, licensees, attorneys and all others in active concert or participation with Defendants, be enjoined and restrained during the pendency of this action via a preliminary injunction and permanently thereafter from:

i. Using, distributing, or otherwise exploiting AAP's copyrights and copyrighted works;

ii. Using, disclosing, converting, appropriating, retaining, selling, transferring or copying any property of AAP; and

iii. Doing any other act or thing likely to, or calculated to, induce the belief that Defendants created the any of the copyright-protected photos at issue in this case or that Defendants' use thereof is in any way endorsed by AAP;

b. Within ten (10) days after the entry of an order for either preliminary or permanent injunction, Defendants be required to turn over any copyright-protected photos at issue in this case which bear any copyrights;

c. Defendants, their agents, servants, employees, franchisees, licensees, attorneys and all others in active concert or participation with Defendants be required to deliver up for destruction all physical products in their possession bearing AAP's copyrights or any colorable imitation thereof;

d. AAP recover Defendants' profits as well as the damages sustained by AAP due to Defendants' infringement of AAP's copyright, such amount of profits and damages to be trebled;

e. Defendants be required in accordance with 15 U.S.C § 1116 to file with the Court and serve upon AAP a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the terms of the injunction;

f. This Court award AAP such damages, including compensatory and punitive damages, as are appropriate in view of Defendants' conduct, including its willfulness;

g. Defendants be required to pay AAP the costs of this action, together with reasonable attorney's fees and disbursements;

h. AAP be awarded statutory damages, pursuant to the Copyright Act; and

i. AAP will receive such other and further relief as this Court deems just, fair, and equitable.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff demands a jury for all issues so triable.

Dated: May 4, 2017                                    Respectfully submitted,


                                                      By: s/ Lorri Lomnitzer
                                                      Lorri Lomnitzer
                                                      Florida Bar No.: 37632
                                                      Lorri@Lomnitzerlaw.com
                                                      THE LOMNITZER LAW FIRM, P.A.
                                                      7999 N. Federal Highway, Suite 200
                                                      Boca Raton, FL 33487
                                                      Telephone: (561) 953-9300
                                                      Direct: (561) 953-9301
                                                      Fax: (561) 953-3455
                                                      *Attorney for Plaintiff*


## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on this 4 day of May, 2017, I electronically filed the forgoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties in the CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive notices of electronic filing.

                                                      s/Lorri Lomnitzer
                                                      Lorri Lomnitzer, Esq.
                                                      Fla. Bar No. 37632

## SERVICE LIST

**AFFORDABLE AERIAL PHOTOGRAPHY, INC., v. R1C INC. d/b/a RE/MAX 1ST
CHOICE, RITA S. BOESKY, KAREN A. RUTKOWSKI, and WAYNE SEARSON
CASE NO.: 17-cv-80226-KAM
United States District Court, Southern District of Florida**

Jonathan A. Berkowitz, Esq.
Cohen Norris Wolmer Ray Telepman Cohen
712 U.S. Highway One, Suite 400
North Palm Beach, FL 33408-7146
Telephone: 561-844-3600
Facsimile: 561-842-4104
jab@fcohenlaw.com

David W. Henry
Marshall DEnnehey Warner Coleman & Goggin
315 E. Robinson St.,
Suite 550
Orlando, FL 32801
Telephone: 407-420-4418
Main: 407-420-4380
Facsimile: 407-839-3008
DWHenry@MDWCG.com
JATaylor@MDWCG.com